IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVON POWELL, <br><br> *Plaintiff,* <br><br> v. <br><br> C.E.R.T. OFFICER RAYMOND <br><br> *Defendant.* | CIVIL ACTION <br> NO. 17-3729 |

**PAPPERT, J.**                                                    January 4, 2019

**MEMORANDUM**

Devon Powell, a *pro se* inmate at SCI-Huntington, sued C.E.R.T. Officer Raymond under 42 U.S.C. § 1983 for the Officer's alleged failure to protect Powell from a fellow inmate's attack. (Am. Compl., ECF No. 14.) The Court sent Powell a letter on August 31, 2018 directing him to file a notice with the Court by September 20 if he still wishes to proceed with the lawsuit. (ECF No. 20.) On November 2, the Court issued an Order requiring him to inform the Court, on or before December 3, 2018, whether he is committed to prosecuting his case *pro se*. (ECF No. 21.) In light of Powell's failure to respond to the August 31 letter and November 2 Order, and considering the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court dismisses the case for failure to prosecute.

I

Powell filed an application for leave to proceed *in forma pauperis* on August 18, 2017. (ECF No. 1.) The Court granted his application on September 14, 2017. (ECF

1

No. 3.) Powell initially sued Community Education Centers. (ECF No. 4.) The Court granted Community Education Centers's Motion to Dismiss and granted Powell leave to amend the Complaint. (ECF No. 11.) On April 16, 2018, Powell sued Officer Raymond and filed a Motion to Appoint Counsel. (ECF Nos. 14, 17.) The case was referred to the Prisoner Civil Rights Panel on April 26, 2018. (ECF No. 18.) Four months later, when the case had not yet been selected by a member of the Volunteer Attorney Panel, the Court sent Powell a letter requiring him to give the Court notice of his intent to proceed with the lawsuit. Two months later, the Court issued an Order removing Powell's case from the Panel and again requiring him to notify the Court of his intent to proceed with the lawsuit. Powell has not responded to the letter or the Order or otherwise communicated with the Court.

II

Federal Rule of Civil Procedure 41(b) permits a court to dismiss a suit for failure to prosecute. District courts also have inherent power to dismiss a case *sua sponte* for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962) (holding Federal Rule of Civil Procedure 41(b) did not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

Before dismissing a case as a sanction for a party's litigation conduct, a court typically must consider and balance factors identified by the Third Circuit Court of Appeals in *Poulis v. State Farm Fire & Casualty Co.*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions

2

other than dismissal, which entails an analysis of alternate sanctions and (6) the meritoriousness of the claims or defenses.

747 F.2d at 868 (emphasis omitted).[1] There is no "magic formula" or "mechanical calculation" when analyzing the *Poulis* factors. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citation omitted). "[N]o single [ ] factor is dispositive." *Id.*

III

With respect to the first *Poulis* factor, Powell bears personal responsibility as a *pro se* litigant for failing to comply with the Court's letter directing him to give notice of his intent to prosecute. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (finding that failure to comply with the court's orders could not be blamed on counsel when plaintiff was proceeding *pro se*). The August 31 letter told Powell that failure to respond could result in dismissal of the case. With respect to the fifth *Poulis* factor, alternative sanctions short of dismissal such as fines, costs or an award of attorneys' fees cannot be imposed given Powell's *in forma pauperis* status. *See id.* at 191 (upholding a finding that monetary sanctions were not an alternative to dismissal where the plaintiff was proceeding *in forma pauperis*).

Under the fourth *Poulis* factor, Powell's failure to respond, now long after the deadlines set forth in the August 31 letter and November 2 Order, suggests he has no

---

[1] The Third Circuit instructs that consideration of the *Poulis* factors is not required "[w]hen a litigant's conduct makes adjudication of the case impossible," *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007), such as when a plaintiff refuses to participate in the litigation without explanation. *See, e.g.*, *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010) (affirming the district court's dismissal of an action for failure to prosecute without considering the *Poulis* factors where plaintiff failed to respond to discovery requests or to appear for depositions and offered no explanation for his failure to respond to a show cause order from the court); *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994) (holding that consideration of the *Poulis* factors was unnecessary where, after receiving an adverse ruling on some of her claims, the plaintiff "willfully refused to prosecute her remaining claims"). This case arguably falls into this category, as Powell's failure to respond to the August 31 letter and November 2 Order suggests he may have abandoned his claims. The Court nonetheless conducts a *Poulis* analysis.

intention to respond or otherwise communicate with the Court. Courts have held where there is no indication that a plaintiff's failure is excusable, "the conclusion that their failure is willful is inescapable." *Palmer v. Rustin*, 2011 5101774, at *2 (W.D. Pa. Oct. 25, 2011); see also *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) ("Absence of reasonable excuses may suggest that the conduct was willful or in bad faith."); *Breeland v. Doll*, 2012 WL 1424778, at *5 (M.D. Pa. Mar. 21, 2012), *report and recommendation adopted*, 2012 WL 1454016 (M.D. Pa. Apr. 25, 2012) ("[W]hen the Plaintiff has failed to comply with instructions . . . the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case.").

With respect to the remaining *Poulis* factors, delay can be prejudicial, *see Briscoe*, 538 F.3d at 259–60, but the Court does not believe Powell's failure to prosecute is a source of substantial prejudice to Officer Raymond. While Powell generally has been dilatory in communicating with the Court, he does not have a significant history of dilatoriness. The meritoriousness of Powell's claims are, at best, a neutral factor.

In sum, three of the *Poulis* factors—personal responsibility, unavailability of alternative sanctions and willfulness—weigh in favor of dismissal and the three remaining factors—prejudice, a history of dilatoriness and meritoriousness of the claims—carry less weight. As the Third Circuit noted:

> Not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. The decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court—a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.

*Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). The Court accordingly dismisses this case for failure to prosecute.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.